[Crim. No. 220. Fourth Appellate District.—October 29, 1931.]

THE PEOPLE, Respondent, v. CLIFTON GRIFFIN, etc., Appellant.

Utley & Nuffer for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

MARKS, J.—Appellant was charged with the crime of statutory rape alleged to have been accomplished by him on February 9, 1931, on the person of LaVerne Boone, a female under the age of eighteen years and not his wife.

He was also charged with contributing to the delinquency of this minor, in that on November 12, 1930, he gave her intoxicating liquor and attempted to have intercourse with her, and that he had intercourse with her on November 18, 1930, and February 9, 1931.

The charges were tried together. The jury found appellant not guilty of rape and guilty of contribution. He filed an application for probation, which was granted.

Appellant urges that the verdicts are inconsistent, and that the acquittal of the charge of rape was inconsistent with the conviction of contributing to the delinquency of the minor. He complains of rulings of the trial court on objections to the introduction of evidence, and implies that the evidence is insufficient to support the verdict and judgment.

The contention that the verdicts are inconsistent is without merit. Were there no other reason for this conclusion, it would be sufficient to point out that the rape was alleged to have occurred on February 9, 1931, and that the acts of contribution were alleged to have occurred on February 9, 1931, the date of the alleged rape, and also upon two separate occasions, one on November 12 and the other on November 18, 1930.

Appellant complains that rulings of the trial court unduly restricted his cross-examination of LaVerne Boone upon the question of whether or not he had difficulty in accomplishing the acts of intercourse with her. The girl testi-

fied that her first intercourse was with appellant on November 18, 1930. A physician testified that he examined her in June, 1931, and that she had been pregnant for about seven months. ■ Appellant urges that had he been permitted to continue his cross-examination, it might have developed that the girl had been immoral prior to the first intercourse with him, and that he was not the father of the unborn child. No force was used by appellant in accomplishing the acts of intercourse. There is but one exception to the rule that proof of previous unchastity of a girl under the age of eighteen years is inadmissible in prosecutions for rape which is where force is used. (*People* v. *Pantages*, 212 Cal. 237 [297 Pac. 890].) Lack of chastity has never been held to be a defense in a prosecution for contributing to the delinquency of a minor. The court did permit the cross-examination of the witness concerning the difficulty experienced by appellant in accomplishing the penetration of her person. There was no prejudicial error in these rulings of the trial court sufficient to justify a reversal of the judgment.

■ The minor testified that she rode into El Centro with two girls on February 9, 1931. The trial court did not permit counsel for appellant to compel LaVerne Boone to disclose the names of these girls. Counsel complains of this ruling and suggests that if these girls had been produced as witnesses they might have denied accompanying LaVerne Boone on this journey. It is well settled that a witness may not be cross-examined for the purpose of impeachment upon an irrelevant and immaterial matter. (27 Cal. Jur. 106.)

■ There is sufficient evidence in the record to sustain the conviction of appellant. LaVerne Boone testified to each of the acts alleged in the information as contributing to her delinquency. She testified that she had never had intercourse with anyone other than appellant. A physician found her in such a condition of pregnancy that the unborn child could have been conceived on November 18, 1930. The testimony of the girl was flatly contradicted by appellant and his witnesses. This created a conflict in the evidence which was resolved against appellant by the jury. The verdict cannot be disturbed by us.

Judgment and order affirmed.

Barnard, P. J., and Jennings, J., concurred.