[Crim. No. 180.   Fourth Appellate District.—April 25, 1935.]

THE PEOPLE, Respondent, v. JOE POTTER, Jr., et al., Appellants.

J. A. Chase and J. M. Lopes for Appellants.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

MARKS, J.—Appellants were charged with contributing to the delinquency of two minor girls.  The information contained two counts.  The first charged acts which were alleged to have contributed to the delinquency of one girl, and the second to like acts which were alleged to have con-

tributed to the delinquency of the other. Each girl was of the age of about fifteen years. The jury found both appellants not guilty of the offense charged in the first count, and guilty of the offense charged in the second.

Appellants present three grounds for a reversal of the judgments: (1) That the evidence is not sufficient to support the verdicts and judgments; (2) that the trial judge erred in sustaining an objection of the district attorney to a question propounded to a witness by one of their attorneys; (3) an error in an instruction to the jury.

We have studied the entire record and find ample evidence to support the verdicts and judgments if the evidence of the two girls is accepted as true. The jury evidently believed them and we can find no reason for disagreeing with the conclusions of that body. It is difficult to see how verdicts of not guilty could have been returned, as the defendants corroborated the testimony of the girls in many particulars. No good purpose could be served in detailing the evidence as it could only prove of interest to the morbidly inclined.

The correctness of the ruling on the objection is established by the case of *People* v. *Griffin,* 118 Cal. App. 18 [4 Pac. (2d) 592]. The case of *People* v. *Pantages,* 212 Cal. 237 [297 Pac. 890], has no application here. The charge in that case was rape and not that of contributing to the delinquency of a minor.

We have read the instructions given by the trial judge and can find no prejudicial error in them. The evidence pointing to the guilt of appellants is so convincing that we would find great difficulty in reversing either of the judgments for any technical error in view of the provisions of section four and one-half of article VI of the Constitution.

Judgments affirmed.

Barnard, P. J., and Jennings, J., concurred.